IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MOISE METELLUS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No.: 5:15-CV-0183 (LJA) |
| | : | |
| BANK OF AMERICA, N.A.; | : | |
| MORTGAGE ELECTRONIC | : | |
| REGISTRATION SYSTEM; | : | |
| WELLS FARGO HOME MORTGAGE; | : | |
| and MCCALLA RAYMER, LLP, | : | |
| Defendants. | : | |
| | : | |

## ORDER

Before the Court are Plaintiff Moise Metellus' Motion for Temporary Restraining Order ("TRO") (Doc. 2) and Motion for an Emergency Hearing (Doc. 3). Plaintiff seeks to enjoin Defendants Bank of America, N.A. ("BOA"), Mortgage Electronic Registration System ("MERS"), Wells Fargo Home Mortgage ("Wells Fargo"), and McCalla Raymer, LLP ("McCalla Raymer") from enforcing a Writ of Possession. (Doc. 2 at 1). For the reasons that follow, Plaintiff's Motions are **DENIED.**

## BACKGROUND

On May 22, 2015, Plaintiff, proceeding *pro se*, filed a "Verified Complaint," alleging the following claims: (1) breach of contract; (2) breach of covenant of good faith and fair dealing; (3) fraud and deceit; (4) negligent misrepresentation; (5) wrongful foreclosure; (6) quiet title; (7) declaratory relief; (8) unfair practices under O.C.G.A § 10-1-393; and (9) violations of the Real Estate Settlement Procedures Act ("RESPA"). (*See* Doc. 2).

In the Complaint, Plaintiff alleges that he purchased real property located at 1878 Brackendale Road, Kennesaw, Georgia, on April 21, 2006. (*Id.* at 2-3). Plaintiff represents that "the loan was initially serviced by Primary Capital Advisors LLC until early August 2006 and was then serviced by Wells Fargo." (*Id.* at 2). According to Plaintiff, BOA and Wells Fargo agreed to participate in the Home Affordable Modification Program ("HAMP"). (*Id.*) HAMP is a federal program implemented by the United States Department of the Treasury "to assist at-risk homeowners restructure their mortgages to avoid foreclosure." (*Id.* at 5).

1

Plaintiff alleges that BOA is obligated, under HAMP, to offer a trial modification or Trial Period Plan ("TTP") to borrowers when "the value of a performing modified loan exceeds the value of foreclosing the property." (*Id.* at 7). TTP is a three-month period in which borrowers make mortgage payments based on adjusted loan terms determined by the lender. (*Id.*) On August 22, 2009, Plaintiff entered into a TTP agreement with BOA and Wells Fargo with regard to his loan. (*Id.* at 8). Plaintiff states that he tendered three mortgage payments in October 2009, November 2009, and December 2009. (*Id.*) Plaintiff alleges that BOA and Wells Fargo breached the TTP contract because they failed to offer Plaintiff a permanent loan modification and failed to perform their contractual duties. (*Id.*)

According to Plaintiff, Troy C. Crouse, Vice President of MERS, assigned the property to BOA on March 17, 2009. (*Id.*) Plaintiff alleges that the assignment is void because "the Assignment of Deed of Trust contains a forged signature of Troy C. Crouse." (*Id.*) At some point, Plaintiff defaulted on his loan, and, on May 6, 2014, the property was sold at a non-judicial foreclosure sale. (*Id.* at 14). BOA conducted the foreclosure and the property was sold for approximately $329,000. (*Id.*) Plaintiff alleges that the foreclosure is void because BOA failed to provide Plaintiff with notice of the foreclosure. (*Id.*) Additionally, Plaintiff contends that the Trustee did not have standing to foreclose the property. (*Id.*)

On June 6, 2012, Plaintiff filed a Complaint against BOA and MERS in the United States District Court for the Northern District of Georgia attempting to stay the imminent foreclosure. (*See* Case No. 1:12-CV-1947). In the 2012 Complaint, Plaintiff made allegations similar to those in the instant complaint, against two of the same Defendants, and regarding the same property and foreclosure proceeding. *See Metellus v. Bank of Am., N.A.*, No. 1:12-CV-01947-CC-GGB, 2012 WL 7763041, at *2 (N.D. Ga. Nov. 2, 2012). BOA and MERS moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). *Id.* at 1. The District Court granted the Motion to Dismiss. *See Metellus v. Bank of Am., N.A.*, No. 1:12-CV-01947-CC-GGB, 2013 WL 1129399, at *1 (N.D. Ga. Mar. 19, 2013).

## **DISCUSSION**

As a threshold matter, Plaintiff's Motions are not properly before the Court. Although Plaintiff labeled the Complaint as a "Verified Complaint," Plaintiff failed to verify the facts therein or include an affidavit as required by Federal Rule of Civil Procedure 65(b)(1)(A). Even if the Motions were properly before the Court, in order to grant injunctive

2

relief, "a movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm; (3) that the balance of equities favors granting the injunction; and (4) that the public interest would not be harmed by the injunction." *Mesa Air Group, Inc., v. Delta Air Lines, Inc.*, 573 F.3d 1124, 1128 (11th Cir. 2009) (citing *BellSouth Telecomms., Inc. v. MCIMetro Access Tranmission Servs., LLC*, 425 F.3d 964, 968 (11th Cir. 2005)). Because Plaintiff has failed to file a verified complaint and, as discussed below, because this action does not meet the standard for a TRO, Plaintiff's Motions are denied.

The Eleventh Circuit has held that "controlling precedent is clear that injunctive relief may not be granted unless the plaintiff establishes the substantial likelihood of success criterion." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1226 (11th Cir. 2005). Here, Plaintiff's claims are likely barred by the doctrine of res judicata. "As a general rule, the doctrine of res judicata, also called claim preclusion, bars parties from re-litigating matters that were litigated or could have been litigated in an earlier suit." *Pleming v. Universal-Rundel Corp.*, 142 F.3d 1354, 1356 (11th Cir. 1998). The doctrine of res judicata is applicable when the prior decision  (1) was rendered by a court of competent jurisdiction; (2) was final; (3) involved the same parties or their privies; and (4) involved the same causes of action. *See Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1269 (11th Cir. 2002) (citing *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001)).  In the instant action, Plaintiff has filed a Complaint against BOA, MERS, Wells Fargo, and McCalla Raymer. In the 2012 action, Plaintiff sued BOA and MERS.  Likewise, both suits involve the same loan transaction, TTP agreement, foreclosure proceeding, and residential property. In fact, the claims alleged in the instant suit are almost identical to the claims raised in Plaintiff's 2012 Complaint. *See Metellus*, 2013 WL 1129399, at *1; *Metellus*, 2012 WL 7763041, at *2. Under these circumstances, Plaintiff is unlikely to succeed on the merits of his claims. Accordingly, the Court finds that Plaintiff has failed to demonstrate a likelihood of success on the merits of his claims.

Furthermore, Federal Rule of Civil Procedure 65(b)(1)(A) provides that "[t]he court may issue a temporary restraining order ["TRO"] without written or oral notice to the adverse party or attorney only if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition . . . ." The Eleventh Circuit defines irreparable harm as follows:

3

> [t]he basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies. A showing of irreparable harm is the *sine qua non* of injunctive relief. The injury must be neither remote nor speculative, but actual and imminent. An injury is "irreparable" only if it cannot be undone through monetary remedies. The key word in this consideration is *irreparable*. Mere injuries, however, substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. . . .

*Northeastern Florida Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990) (citations omitted). Plaintiff contends that he will suffer an irreparable harm because "property is unique and money damages will not make the Plaintiff whole since we cannot go and re-purchase the exact same property." (Doc. 2 at 3). Plaintiff is correct that "[r]eal property and especially a home is unique." *Johnson v. U.S. Dep't of Agric.*, 734 F.2d 774, 789 (11th Cir. 1984). But, under Eleventh Circuit law, "an injunction is limited to prospective relief." *Alabama v. U.S. Army Corps. of Engineers*, 424 F.3d 1117, 1133 (11th Cir. 2005) (citing *Dombrowski v. Pfister*, 380 U.S. 479, 485 (1965)).

Plaintiff seeks equitable relief to remedy a past violation and alleges that the non-judicial foreclosure proceeding took place on May 6, 2014. Therefore, the alleged harm has already occurred. "Where the harm to the movant's interests has already occurred, that harm is neither imminent nor irreparable at law and is not the appropriate subject matter for injunctive relief." *Alabama*, 424 F.3d at 1134. Accordingly, the Court finds that Plaintiff has failed to demonstrate that he will suffer an irreparable harm.

Because the Plaintiff has failed to demonstrate a likelihood of success on the merits and irreparable harm, the Court finds that Plaintiff is not entitled to injunctive relief.

## **CONCLUSION**

Based on the forgoing, Plaintiff's Motion for Temporary Restraining Order (Doc. 2) and Motion for an Emergency Hearing (Doc. 3) are **DENIED.**

**SO ORDERED**, this   20th    day of July, 2015.

/s/ Leslie J. Abrams
**LESLIE J. ABRAMS, JUDGE**
**UNITED STATES DISTRICT COURT**